UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

JONATHAN WILLIAMS                                                                                    PLAINTIFF

v.                                                                   CIVIL ACTION NO. 1:22-CV-P86-GNS

DEPUTY CRYSTAL CRAFTON *et al.*                                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action brought by Plaintiff Jonathan Williams. This matter is before the Court for screening of the complaint (DN 1) and amended complaint (DN 6) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

### I.

In the complaint (DN 1), Plaintiff indicates that he is incarcerated as a pretrial detainee at Logan County Detention Center (LCDC).[1] He names as Defendants five LCDC officials – Deputy Crystal/Krystal Crafton, Captain Mark/Gary Martin,[2] Jailer Phil Gregory, Chief Benny Kenney, and Deputy Shogogue, whom he sues in both their official and individual capacities.

Plaintiff makes the following allegations:

On July 5, 2022, I [] received a disciplinary sanction . . . .

1. Crystal Crafton instructed inmates in cell 165 to get up to go outside.
2. Moments later she came across the intercom stating to hurry up . . . It's getting hot outside.
3. I [] responded to her statement, saying like you . .
4. Deputy Crafton, Capt. Martin, Chief Kenney and Jailer Gregory enters cell 165 demanding [me] on my knees, hands behind my back . .
5. Above listed names then ask [me] . . . did I respond like you, to the deputy statement.

---

[1] Plaintiff has since filed a notice of change of address indicating that he is no longer incarcerated (DN 9).
[2] In the complaint, Plaintiff indicates that Defendant Martin's first name is Mark and that Defendant Crafton's first name is Crystal. In the amended complaint, Plaintiff indicates that Defendant Martin's first name is Gary and that Defendant Crafton's first name is Krystal.

6. [I] answer yes . . .
7. Deputy . . . Capt . . . Chief and Jailer then instruct [me] to place bed roll outside the cell . . . (mattresses . . . sheets blanket).
8. [I] asked why is my bed roll being confiscated.
9. Captain Martin implies/states disciplinary measures are being enforced due to your statement to Deputy Crafton . . .
10. [I] was forced to sleep on metal for 5 days and nights pending disciplinary board hearing . . . 7-5-22 – 7-10-22 . . . .
11. These actions tooken by above defendants violates my constitutional rights under 1st amendment freedom of speech.
12. By taking the inmate bedroll the named defendants engaged in punishment that is contrary to that of civilized society . . . All forms of torture are forbidden as punishment for the benefits of guards . . . or amusement of others . . . . These actions violate my 8th and 14th amendment rights.
13. By Jailer . . . Chief . . . Capt . . . and deputies surrounding inmate commanding him to the floor is the epitome of excessive punishment . . . . Inmate only made a statement didn't engage in any physical altercation . . This also violates the 14th amendment of equal protection law . . . police brutality

. . . .

I got punished for statements made by myself and nothing more than what has been stated.

In the amended complaint (DN 6), Plaintiff states as follows:

On July 5, 2022, Deputy Crafton informed inmates to get up and go outside . . . Moments later she came across the intercom informing inmates in cell 165 to hurry up because it's getting hot outside. [Plaintiff] responds to her, like you.  Moments later Captain Martin, Shogogue, Kenney, and Gregory enter cell 165 telling [Plaintiff] to get on his knees with his hands behind his back.  When [Plaintiff] ask what's going on Capt. Martin instructed to place his mattress sheets and blanket (bed roll) outside the cell . . . .  When I asked why he stated you're receiving a disciplinary infraction due to response "like you' to Deputy Crafton.  [Plaintiff] received 10 days in segregation because of his statement.  By [Plaintiff] getting punished violates by First Amendment right, freedom.[3]

On August 26, 2022, Martin calls [Plaintiff] to the booking area of the jail.  There he uses threatening tactics to intimidate [Plaintiff] telling [him] a controlled inmate informed me of your lawsuit against me, Crafton, Gregory, Shogogue, and Kenney.  If you don't have it dismissed, I will place you in segregation indefinitely.  Martin use threatening tactics violates my Fourth Amendment right of excessive force.  Also my 14th Amendment right of equal protection of the law. On August 27, 2022, Deputy Crafton and Capt. Sincara enters cell 165 . . . .  They instructed [Plaintiff] to walk to the shower area of the cell.  There are gestures that are made that puts

---

[3] This paragraph seems to be a restatement of the allegations set forth in the complaint.

me in fear of my safety at the jail. By Crafton using a third party to extort force that violates my Fourth Amendment right of excessive force, and 14th Amendment of equal protection clause.

As relief, Plaintiff seeks damages.[4]

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or

---

[4] Plaintiff also sought a temporary restraining order, but since he is no longer incarcerated at LCDC, this request is moot. *See, e.g.*, *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) ("[A] prisoner's claim for declaratory and injunctive relief against certain prison officials [becomes] moot once the prisoner [is] transferred from the prison of which he complained to a different facility.").

3

'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it enters 'naked assertion[s]' devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

4

### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Martin, Crafton, Gregory, Kenney, and Shogogue are actually brought against their employer, Logan County. A municipality such as Logan County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Logan County. Thus, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. First Amendment – Retaliation

##### a. First Claims

The Court first turns to Plaintiff's claims that Defendants violated his First Amendment right to freedom of speech when they punished him for saying "like you" to Defendant Crafton after she told the inmates it was "hot outside." The Court construes this allegation as asserting retaliation claims against all Defendants.

A prisoner alleging retaliation must show that (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two--that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

The Court finds that these retaliation claims fail on the first prong. Because Plaintiff's statement to Defendant Crafton insinuating that she is "hot" is disrespectful/harassing, it does not constitute protected conduct. *See Kervin v. La Clair Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) (stating that "backtalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected conduct"); *Felton v. Huibregtse*, 525 F. App'x 484, 487 (7th Cir. 2013) (holding that the use of disrespectful language is not protected conduct) (citing cases); *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (noting that words, actions, or other behavior which is intended to harass, degrade, or cause alarm in a prison official is not protected conduct); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008) (insubordinate remarks that are "inconsistent with the inmate's status as a prisoner" are not protected); *Goddard v. Ky. Dep't of Corr.*, Nos. 99-5348/99-5971, 2000 U.S. App. LEXIS 1912, at *6-7 (6th Cir. Feb. 7, 2000)

6

(holding that a prisoner's "cursing to correctional officials . . . is not an activity that may be protected under the First Amendment"); *Blevins v. County of Franklin, Ohio*, No. 2:08-cv-1113, 2010 U.S. Dist. LEXIS 79403, at *15 (S.D. Ohio Aug. 6, 2010) ("Even if a prisoner's 'yelling and swearing' at a deputy does not violate prison regulations, such conduct is not protected under the First Amendment[.]").

Thus, the Court will dismiss these retaliations claim for failure to state a claim upon which relief may be granted.

### b. Second Claim

The Court next turns to Plaintiff's allegation that Defendant Martin threatened to place Plaintiff in segregation indefinitely in retaliation for Plaintiff filing the instant action. Upon consideration, the Court will allow this claim to proceed.

### 2. Fourth Amendment/Eighth Amendment/Fourteenth Amendment – Excessive Force

Plaintiff also asserts that his allegations show that Defendants used excessive force against him in violation of his constitutional rights. Excessive force claims can be raised under the Fourth, Eighth, and Fourteenth Amendments. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). "Which amendment should be applied depends on the status of the plaintiff at the time of the incident; that is, whether the plaintiff was a free citizen, convicted prisoner, or fit in some gray area in between the two." *Id*. The Fourth Amendment applies to free citizens, the Eighth Amendment applies to convicted persons, and the Fourteenth Amendment applies to pretrial detainees. *Id*. Thus, because Plaintiff is a pretrial detainee, Plaintiff's excessive force claims under the Fourth Amendment and Eighth Amendments must be dismissed for failure to state a claim upon which relief may be granted. Upon consideration, however, the Court will allow Fourteenth Amendment excessive force claims to proceed against all Defendants.

### 3. Eighth Amendment/Fourteenth Amendment – Conditions of Confinement

The Court next turns to Plaintiff's claim that Defendants subjected him to "cruel and unusual punishment" as a result of the comments that he made to Defendant Crafton. The phrase "cruel and unusual punishment" is taken from the Eighth Amendment. U.S. Const., amend. VIII, cl. 3. However, it is the Due Process Clause of the Fourteenth Amendment that applies to claims brought by pretrial detainees regarding their conditions of confinement. *See, e.g.*, *Richmond v. Huq*, 885 F.3d. 928 (6th Cir. 2018).

Thus, upon review, the Court will dismiss Plaintiff's Eighth Amendment claim of "cruel and unusual punishment," <u>but will allow Fourteenth Amendment claims to proceed against all Defendants regarding Plaintiff's alleged conditions of confinement following his statements to Defendant Crafton</u>.

### 4. Fourteenth Amendment – Equal Protection

The Court next turns to Plaintiff's claim that his Fourteenth Amendment right to equal protection of the laws was violated when Defendants punished him for saying "like you" to Defendant Crafton.

The Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. "The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). Here, the Court construes Plaintiff's equal protection claims as being brought under the third prong. Under this prong, to be a similarly situated person, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged

in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it.'" *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).

Because Plaintiff does not allege that another prisoner was treated differently after engaging in the same conduct, the Court finds that Plaintiff has failed to state an equal protection claim and will dismiss it for failure to state a claim upon which relief may be granted. *See, e.g.*, *Johnson v. Grayson Cnty.*, No. 21-5772, 2022 U.S. App. LEXIS 14816, at *3 (6th Cir. May 27, 2022) (affirming § 1915A dismissal of equal protection claim based upon prisoner-plaintiff's allegation that he "was the only inmate housed in segregation due to the altercation" because "he did not allege facts showing that he was similarly situated to the other inmates in all relevant respects"); *Dawson v. Norwood*, No. 1:06-cv-914, 2010 U.S. Dist. LEXIS 54306, at *4-6 (E.D. Mich. June 1, 2010) (recognizing that courts consistently "reject class-of-one theories in the context of prison officials making discretionary decisions concerning inmates") (collecting cases); *Howard v. Koeller*, 756 F. App'x 601, 604 (7th Cir. 2018) (affirming lower court holding that "class of one" equal protection claim based on a prison disciplinary infraction failed because it challenged discretionary decision making); *Faruq v. McCollum*, Civil Action No. 11-5987 (JBS), 2013 U.S. Dist. LEXIS 89429, at *14 (D.N.J. June 25, 2013) ("[W]ith regard to security level and placement decisions that are based on individual factors and histories, it is hard to imagine that any inmate would be considered similarly situated [in an equal protection claim].").

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims; his first[5] First Amendment retaliation claims; his Fourth and Eighth Amendment excessive force claims; and his Fourteenth Amendment equal protection claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Referral Order to govern the claims it has allowed to proceed.

Date: January 5, 2023

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Logan County Attorney
4416.011

---

[5] See *supra* Section III(B)(1)(a).